RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
bledahl@raklaw.com
prkoeger@raklaw.com
nrubin@raklaw.com
jbuczko@raklaw.com
mchan@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD., and SEOUL SEMICONDUCTOR, INC.,<br><br>*Defendants.* | Case. No. 8:19-cv-01792<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants Seoul Semiconductor Co., Ltd. ("Seoul Korea") and Seoul Semiconductor, Inc. ("Seoul America") (collectively "Seoul" or "Defendants").

**PARTIES**

1. Document Security Systems, Inc. is a publicly-traded New York corporation. Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2. In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit. The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.

3. On information and belief, Seoul Semiconductor Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 1B-25, 727, Wonsi- dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851. Upon information and belief, Seoul Korea manufactures light-emitting diode ("LED") products in Korea and, through its subsidiary, Defendant Seoul America, has sales offices in the United States. Defendant Seoul Korea can be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

4. On information and belief, Seoul Semiconductor, Inc. is a California corporation with its principal place of business at 1895 Beaver Ridge Circle, Suite G, Norcross, Georgia 30071. Upon information and belief, Seoul America sells and/or offers for sale nationwide LED products manufactured by Seoul Korea, including in the State of California and in this judicial district. Defendant Seoul America can be served through its registered agent, Jiyoon Jun, 5856 Corporate Avenue, Suite 240, Cypress,

California 90630.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Central District of California giving rise to this action and have established minimum contacts with the forum state of California. Defendants directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of California and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants have a regular and established place of business in this District and have committed acts of patent infringement in this District. Defendants, for example, have a regular and established place of business at 5856 Corporate Ave, No. 240, Cypress, CA 90630, which is located in Orange County.

## BACKGROUND

8. DSS is the owner by assignment of United States Patent No. 7,315,119 (the "'119 Patent") entitled "Light-emitting device having a phosphor particle layer with specific thickness." The '119 Patent was duly and legally issued by the United States Patent and Trademark Office on January 1, 2008. A true and correct copy of the '119 Patent is included as Exhibit A.

9. DSS owns all rights, title, and interest in and to the '119 Patent, including all rights to sue and recover for past and future infringement.

## COUNT I

## INFRINGEMENT OF THE '119 PATENT

10. DSS references and incorporates by reference paragraphs 1 through 9 of this Complaint.

11. Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '119 Patent, and continues to do so. By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its 5630 Series, 3030 Series, 3528 Series, 3020 Series, 5050 Series, and 801 Series LEDs. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as the "Accused Instrumentalities."

12. As an illustrative example, Defendants import, sell and offer to sell their 5630 Series LED products. Defendants' 5630 Series infringes, for example, Claim 1 of the '119 patent because it is a light-emitting device comprising a light source that generates light of a first wavelength, said light source comprising a die that emits light at said first wavelength. For example, shown below, some of Defendant's 5630 Series products include an LED die that emits light of the blue (e.g., 475nm) wavelength:



Fig 1. Color Spectrum, $T_j = 25°C$, $I_F = 32mA$

13. Defendants' 5630 Series also includes a conformal layer of phosphor particles covering said die and in direct contact therewith, said phosphor particles converting at least a portion of said light of said first wavelength to light of a second wavelength, said layer having a substantially uniform thickness of less than 100 μm over said die. Shown below, the layer of phosphor products in direct contact with the 5630 Series' die, which depicted above converts the blue wavelength of light to various other wavelengths, has a substantially uniform thickness of less than 0.1 mm over the die (note the height of the entire device is 0.65 mm):



14. Defendants' 5630 Series also includes a reflecting cup comprising reflective sidewalls, said die being located in said cup such that a portion of said light generated by said die is reflected from said cup, said layer of phosphor particles covering a portion of said reflective sidewalls. Shown below, the die lies in a reflecting cup such that light emitted from the die is reflected by the cup, and the phosphor layer partially covers the sidewalls of the cup:



15. Defendants have directly infringed and continue to directly infringe the '119 Patent by, among other things, making, using, offering for sale, selling, and/or importing the Accused Instrumentalities. Such products and/or services are covered by one or more claims of the '119 Patent including at least claim 1 because they contain each element of those claims.

16. By making, using, offering for sale, selling, and/or importing the Accused Instrumentalities, Defendants have injured DSS and are liable to DSS for infringement of the '119 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

17. In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '119 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '119 Patent. Defendants have had actual knowledge of the '119 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '119 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '119 Patent. The Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '119 Patent. Defendants know and intend that customers that purchase the Accused Instrumentalities will use those products for their intended purpose.

18. Defendants specifically intend their United States customers infringe the '119 patent through use of the Accused Instrumentalities in this country by at least advertising and promoting the use (e.g., hyperlinked "Application" below) of the Accused Instrumentalities on their United States website:  See, e.g., http://www.seoulsemicon.com/en/applications/. Defendant also specifically intends its customers infringe the '119 Patent through use of the Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application

guides. Defendants also specifically intend its customers infringe the '119 Patent through selling Accused Instrumentalities overseas with the specific intent that the customer import, offer to sell, and/or sell the Accused Instrumentalities in order to develop and serve the United States market for Defendant's LED products, either alone or used in products such as bulbs, displays, consumer products and/or fixtures. Such customers include Defendant's LED distributors, consumer products companies and retailers that serve the United States market. See http://www.seoulsemicon.com/en/support/where-to-buy/, naming Avnet, Digi-Key, Mouser Electronics, and WPG Americas as United States distributors of Defendants' products.

19. As a result of Defendants' infringement of the '119 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendants have infringed one or more claims of the '119 Patent;

B. A judgment and order requiring Defendants to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendants; and

E. Any and all other relief to which DSS may show itself to be entitled.

# **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.

Dated: September 18, 2019     By:  */s/Brian Ledahl*
RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
Email: pkroeger@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com
Email: mchan@raklaw.com

Attorneys for Plaintiff,
*Document Security Systems, Inc.*